UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| VIOLA VAN WECHEL,<br><br>  Plaintiff,<br><br>  v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security Administration,<br><br>  Defendant. | NO: 13-CV-3079-TOR<br><br>ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |

BEFORE THE COURT are the parties' cross-motions for summary judgment (ECF Nos. 14 and 18). Plaintiff is represented by D. James Tree. Defendant is represented by Lisa Goldoftas. The Court has reviewed the administrative record and the parties' completed briefing and is fully informed. For the reasons discussed below, the Court grants Defendant's motion and denies Plaintiff's motion.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 1

## JURISDICTION

The Court has jurisdiction over this case pursuant to 42 U.S.C. §§ 405(g); 1383(c)(3).

## STANDARD OF REVIEW

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g). The scope of review under §405(g) is limited: the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153, 1158 (9th Cir. 2012) (citing 42 U.S.C. § 405(g)). "Substantial evidence" means relevant evidence that "a reasonable mind might accept as adequate to support a conclusion." *Id*., at 1159 (quotation and citation omitted). Stated differently, substantial evidence equates to "more than a mere scintilla[,] but less than a preponderance." *Id.* (quotation and citation omitted). In determining whether this standard has been satisfied, a reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation. *Id.*

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner. If the evidence in the record "is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012). Further, a district

court "may not reverse an ALJ's decision on account of an error that is harmless." *Id.* at 1111. An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination." *Id.* at 1115 (quotation and citation omitted). The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed. *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

## FIVE-STEP SEQUENTIAL EVALUATION PROCESS

A claimant must satisfy two conditions to be considered "disabled" within the meaning of the Social Security Act. First, the claimant must be "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). Second, the claimant's impairment must be "of such severity that he is not only unable to do his previous work[,] but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B).

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria. *See* 20 C.F.R. § 416.920(a)(4)(i)-(v). At step one, the Commissioner considers the claimant's work activity. 20 C.F.R. § 416.920(a)(4)(i). If the claimant is engaged in

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 3

"substantial gainful activity," the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 416.920(b).

If the claimant is not engaged in substantial gainful activities, the analysis proceeds to step two. At this step, the Commissioner considers the severity of the claimant's impairment. 20 C.F.R. § 416.920(a)(4)(ii). If the claimant suffers from "any impairment or combination of impairments which significantly limits [his or her] physical or mental ability to do basic work activities," the analysis proceeds to step three. 20 C.F.R. § 416.920(c). If the claimant's impairment does not satisfy this severity threshold, however, the Commissioner must find that the claimant is not disabled. *Id.*

At step three, the Commissioner compares the claimant's impairment to several impairments recognized by the Commissioner to be so severe as to preclude a person from engaging in substantial gainful activity. 20 C.F.R. § 416.920(a)(4)(iii). If the impairment is as severe or more severe than one of the enumerated impairments, the Commissioner must find the claimant disabled and award benefits. 20 C.F.R. § 416.920(d).

If the severity of the claimant's impairment does meet or exceed the severity of the enumerated impairments, the Commissioner must pause to assess the claimant's "residual functional capacity." Residual functional capacity ("RFC"), defined generally as the claimant's ability to perform physical and mental work

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 4

activities on a sustained basis despite his or her limitations (20 C.F.R. § 416.945(a)(1)), is relevant to both the fourth and fifth steps of the analysis.

At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing work that he or she has performed in the past ("past relevant work"). 20 C.F.R. § 416.920(a)(4)(iv). If the claimant is capable of performing past relevant work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 416.920(f). If the claimant is incapable of performing such work, the analysis proceeds to step five.

At step five, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing other work in the national economy. 20 C.F.R. § 416.920(a)(4)(v). In making this determination, the Commissioner must also consider vocational factors such as the claimant's age, education and work experience. *Id.* If the claimant is capable of adjusting to other work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 416.920(g)(1). If the claimant is not capable of adjusting to other work, the analysis concludes with a finding that the claimant is disabled and is therefore entitled to benefits. *Id.*

The claimant bears the burden of proof at steps one through four above. *Lockwood v. Comm'r of Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010). If the analysis proceeds to step five, the burden shifts to the Commissioner to

establish that (1) the claimant is capable of performing other work; and (2) such work "exists in significant numbers in the national economy." 20 C.F.R. § 416.960(c)(2); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

## ALJ'S FINDINGS

Plaintiff applied for supplemental security income (SSI) benefits on December 10, 2009, alleging a disability onset date of October 1, 2007. Tr. 133-35. Her claims were denied initially and on reconsideration, Tr. 82-89; 93-101, and Plaintiff requested a hearing, Tr. 102. Plaintiff appeared for a hearing before an administrative law judge on August 3, 2011, in Yakima, Washington. Tr. 40-79. The ALJ issued a decision on September 8, 2011, finding that Plaintiff was not disabled under the Act. Tr. 18-31.

At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since December 10, 2009, the date of her application for Title XVI benefits. Tr. 20. At step two, the ALJ found that Plaintiff had severe impairments consisting of lumbar degenerative disc disease, lumbago, bilateral knee osteoarthritis, lower extremity peripheral artery disease, major depressive disorder, borderline intellectual functioning, learning disorder not otherwise specified, anxiety disorder not otherwise specified, and polysubstance dependence. *Id*. At step three, the ALJ found that these impairments did not meet or medically equal a

1  listed impairment. Tr. 22-24. The ALJ then determined that Plaintiff had the RFC
2  to:

3  > perform sedentary work as defined in 20 CFR 416.967(a). She can lift and/or carry no more than 10 pounds at a time. She can occasionally
4  > lift and/or carry articles like files, ledgers, and small tools. She can stand and/or walk for two hours in an eight-hour workday and sit for
5  > six hours in an eight-hour workday. The claimant can occasionally balance, stoop, kneel, crouch, crawl and climb ramps and stairs. She
6  > can never climb ladders, ropes or scaffolds. She should avoid concentrated exposure to moving machinery and unprotected heights.
7  > The claimant is capable of performing simple, routine, repetitive tasks and she could also concentrate on concrete tasks. She can work at
8  > low-stress jobs involving only occasional and simple decision-making and only occasional and simple changes in the work setting. The
9  > claimant cannot perform fast-paced production requirements. She should be shown changes. Due to stress tolerance, she should work
10 > away from the demands of the general public.

11 Tr. 24. At step four, the ALJ found that Plaintiff was exertionally precluded from
12 past relevant work. Tr. 30. At step five, after considering the Plaintiff's age,
13 education, work experience, and residual functional capacity, the ALJ found
14 Plaintiff could perform other work existing in significant numbers in the national
15 economy in representative occupations such as hand packager, microfilm
16 document preparer and final assembler. Tr. 31. Thus, the ALJ concluded that
17 Plaintiff was not disabled and denied her claim on that basis. *Id*.

18     On November 8, 2011, Plaintiff requested review of the ALJ's decision by
19 the Appeals Council. Tr. 209-10. The Appeals Council denied Plaintiff's request
20 for review on June 5, 2013, Tr. 1-3, making the ALJ's decision the

Commissioner's final decision that is subject to judicial review. 42 U.S.C. §§ 405(g), 1383(c)(3); 20 C.F.R. §§ 416.1481, 422.210.

## ISSUES

Plaintiff seeks judicial review of the Commissioner's final decision denying her supplemental security income under Title XVI of the Social Security Act. Plaintiff has identified three issues for review:

1. Whether the ALJ erred by failing to find Plaintiff met Listing 12.05C;

2. Whether the ALJ erred by improperly rejecting the opinions of Plaintiff's treating medical sources; and

3. Whether the ALJ erred by conducting an improper credibility analysis of Plaintiff.

ECF No. 14 at 9.

## DISCUSSION

**A. Listing 12.05C (Intellectual Disability)**

At step three of the sequential evaluation process, the ALJ must evaluate the claimant's impairments to determine whether they meet or medically equal any of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. *See* 20 C.F.R § 416.920(d); *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). The claimant bears the initial burden of proving that his or her impairments meet or equal a Listing. *See Sullivan v. Zebley*, 493 U.S. 521, 530-33 (1990). "To *meet* a listed

impairment, a claimant must establish that he or she meets each characteristic of a listed impairment relevant to his or her claim." *Tackett*, 180 F.3d at 1099 (emphasis in original). "To *equal* a listed impairment, a claimant must establish symptoms, signs and laboratory findings 'at least equal in severity and duration' to the characteristics of a relevant listed impairment, or, if a claimant's impairment is not listed, then to the listed impairment 'most like' the claimant's impairment." *Id.* (citing 20 C.F.R. § 404.1526) (emphasis in original). A determination of medical equivalence "must be based on medical evidence only." *Lewis v. Apfel*, 236 F.3d 503, 514 (9th Cir. 2001) (citing 20 C.F.R. § 404.1529(d)(3)); *see also Bowser v. Comm'r of Soc. Sec.*, 121 F. App'x 231, 232 (9th Cir. 2005) ("Step three ... directs the adjudicator to determine whether, in light of the objective medical evidence, the claimant has a severe impairment or combination of impairments that meets or equals the criteria in the Listing of Impairments[.]"). If a claimant's impairments meet or medically equal a Listing, the claimant is "conclusively presumed to be disabled," and is entitled to an award of benefits. *Bowen v. Yuckert*, 482 U.S. 137, 141 (1987); *see also Lester v. Chater*, 81 F.3d 821, 828 (9th Cir. 1995) ("Claimants are conclusively disabled if their condition either meets or equals a listed impairment.") (emphasis omitted).

A claimant satisfies Listing 12.05C, demonstrating "intellectual disability" and ending the five-step inquiry, if he can show: (1) subaverage intellectual

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 9

functioning with deficits in adaptive functioning initially manifested before age 22; (2) a valid IQ score of 60 to 70; and (3) a physical or other mental impairment imposing an additional and significant work-related limitation. *See* 20 C.F.R. pt. 404, subpt. P, app. 1, § 12.05C; *Kennedy v. Colvin*, 738 F.3d 1172, 1174 (9th Cir. 2013).

Here, Plaintiff argues that the ALJ erred by not even considering whether she met Listing 12.05C. ECF No. 14 at 10-12. The Commissioner counters that the dispositive issue is whether the evidence supports a finding of onset of impairment of intellectual disability before age 22. ECF No. 18 at 7-11.

Here, the ALJ found Plaintiff was administered the WAIS-III, at the age of 47. Tr. 21. Her verbal IQ was 69, but her performance IQ was 90, and her full scale IQ was 77, indicating borderline intellectual functioning. *Id*. Significantly, even though she has the burden of proof at step three, she has never before raised the possibility of an intellectual disability, and her attorney did not raise the issue prior to or during the administrative hearing or before the appeals council. In the end, Plaintiff's argument fails for lack of substantial evidence in the record to support any finding that her subaverage intellectual functioning with deficits in adaptive functioning manifested itself before Plaintiff turned 22 years old. Indeed, the weight of the evidence of record shows Plaintiff's mental functioning depreciated significantly when she was 29, as a result of an automobile accident.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 10

1    No error has been shown on this record.

2    **B. Treating Medical Sources**

3    There are three types of physicians: "(1) those who treat the claimant
4    (treating physicians); (2) those who examine but do not treat the claimant
5    (examining physicians); and (3) those who neither examine nor treat the claimant
6    [but who review the claimant's file] (nonexamining [or reviewing] physicians)."
7    *Holohan v. Massanari*, 246 F.3d 1195, 1201-02 (9th Cir. 2001) (citations omitted).
8    Generally, a the opinion of a treating physician carries more weight than the
9    opinion of an examining physician, and the opinion of an examining physician
10   carries more weight than the opinion of a reviewing physician. *Id.* In addition, the
11   Commissioner's regulations give more weight to opinions that are explained than
12   to opinions that are not, and to the opinions of specialists on matters relating to
13   their area of expertise over the opinions of non-specialists. *Id.* (citations omitted).
14   If a treating or examining physician's opinion is not contradicted, an ALJ may
15   reject it only by offering "clear and convincing reasons that are supported by
16   substantial evidence." *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005).
17   "If a treating or examining doctor's opinion is contradicted by another doctor's
18   opinion, an ALJ may only reject it by providing specific and legitimate reasons
19   that are supported by substantial evidence." *Id.* (citing *Lester v. Chater*, 81 F.3d
20   821, 830-31 (9th Cir. 1995)). Regardless of the source, an ALJ need not accept a

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT ~ 11

physician's opinion that is "brief, conclusory and inadequately supported by clinical findings." *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1228 (9th Cir. 2009) (quotation and citation omitted).

Plaintiff argues the ALJ did not properly consider the opinions of Drs. Rodenberger (Tr. 423-25) and Coleman (Tr. 215-218), Mr. Moen (Tr. 469-74), and Mr. Clark (Tr. 241-48). ECF No. 14 at 13-17. Specifically, Plaintiff contends the ALJ gave a blanket rejection to these sources. *Id*. The Court disagrees.

First, the ALJ rejected the various GAF scores (Global Assessment of Functioning) posited by these sources of information. The ALJ thoroughly explained the deficiencies associated with using the GAF score in the occupational functioning context. Tr. 27-28. Further, the ALJ recognized that the score can be based on the individual's self-reported symptomatology, which may also be undermined by an individual's lack of credibility. Tr. 28. As discussed below, that was the case here.

Next, the ALJ discounted these opinions regarding the claimant's cognitive and social functioning because they "were based upon the claimant's subjective reports of symptoms and limitations and are unsupported by objective findings, and they are inconsistent with Suzanne Rodriguez's treatment notes, which show that the claimant was managing her depressive symptoms with therapy and medication." Tr. 29.

Finally, the ALJ explained why he accepted other medical source evidence, e.g.,

> Following evaluation and IQ testing of the claimant in August 2010, Arch Bradley opined that the claimant had only mild to moderate limitations in cognitive and social functioning, and would be capable of unskilled repetitive work. Her social skills were "adequate for relating on an informal, casual basis." Exhibit 18F/28-30. These opinions are given great weight, as they were based upon objective testing.

Tr. 27. These specific and legitimate reasons provided by the ALJ are supported by substantial evidence, accordingly, no error has been shown.

**C. Adverse Credibility Determination**

In social security proceedings, a claimant must prove the existence of physical or mental impairment with "medical evidence consisting of signs, symptoms, and laboratory findings." 20 C.F.R. §§ 416.908; 416.927. A claimant's statements about his or her symptoms alone will not suffice. 20 C.F.R. §§ 416.908; 416.927. Once an impairment has been proven to exist, the claimant need not offer further medical evidence to substantiate the alleged severity of his or her symptoms. *Bunnell v. Sullivan*, 947 F.2d 341, 345 (9th Cir. 1991) (en banc). As long as the impairment "could reasonably be expected to produce [the] symptoms," the claimant may offer a subjective evaluation as to the severity of the impairment. *Id.* This rule recognizes that the severity of a claimant's symptoms

"cannot be objectively verified or measured." *Id.* at 347 (quotation and citation omitted).

If an ALJ finds the claimant's subjective assessment unreliable, "the ALJ must make a credibility determination with findings sufficiently specific to permit [a reviewing] court to conclude that the ALJ did not arbitrarily discredit claimant's testimony." *Thomas v. Barnhart*, 278 F.3d 947, 958 (9th Cir. 2002). In making this determination, the ALJ may consider, *inter alia*: (1) the claimant's reputation for truthfulness; (2) inconsistencies in the claimant's testimony or between his testimony and his conduct; (3) the claimant's daily living activities; (4) the claimant's work record; and (5) testimony from physicians or third parties concerning the nature, severity, and effect of the claimant's condition. *Id.* If there is no evidence of malingering, the ALJ's reasons for discrediting the claimant's testimony must be "specific, clear and convincing." *Chaudhry v. Astrue*, 688 F.3d 661, 672 (9th Cir. 2012) (quotation and citation omitted). The ALJ "must specifically identify the testimony she or he finds not to be credible and must explain what evidence undermines the testimony." *Holohan v. Massanari*, 246 F.3d 1195, 1208 (9th Cir. 2001).

Plaintiff argues that the ALJ rejected her credibility because it was not consistent with the objective evidence, yet, she contends, the objective evaluations of Drs. Rodenberger and Coleman support her subjective complaints. ECF No. 14

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 14

at 17-18. As explained above, the ALJ discounted Drs. Rodenberger's and Coleman's opinions precisely because they "were based upon the claimant's subjective reports of symptoms and limitations and are unsupported by objective findings, and they are inconsistent with Suzanne Rodriguez's treatment notes, which show that the claimant was managing her depressive symptoms with therapy and medication." Tr. 29.

Plaintiff next argues that her activities of daily living do not detract from her credibility and further argues the ALJ is required to make specific findings relating to the daily activities and the transferability of those activities to the workplace. ECF No. 14 at 18-19. Plaintiff conflates the two bases for an adverse credibility finding concerning daily activities.

Evidence about daily activities is properly considered in making a credibility determination. *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989). However, a claimant need not be utterly incapacitated to be eligible for benefits. *Id*. Many activities are not easily transferable to what may be the more grueling environment of the workplace, where it might not be possible to rest or take medication. *Id*. (citation omitted). But, there are two grounds for using daily activities to form the basis for an adverse credibility determination. *See Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007). First, the daily activities may just contradict claimant's other testimony. *Id*.; *Molina v. Astrue*, 674 F.3d 1104, 1113 (9th Cir. 2012) ("whether

the claimant engages in daily activities inconsistent with the alleged symptoms") (citation omitted). Second, daily activities may be grounds for an adverse credibility finding if a claimant is able to spend a substantial part of his day engaged in pursuits involving the performance of physical functions that are transferable to a work setting. *Orn*, 495 F.3d at 639. Of course, "the ALJ must make 'specific findings relating to [the daily] activities' and their transferability to conclude that a claimant's daily activities warrant [this type of] an adverse credibility determination." *Id*.

Here, the ALJ clearly used the first bases to discredit Plaintiff's credibility. The ALJ cited her activities of daily living, among other reasons not here challenged, for discounting her allegation of total disability. Tr. 29-30. For instance, on a typical day she attended AA meetings, cleaned her trailer, and did paperwork and journaling for her chemical dependency treatment, Tr. 22, she had no problems with personal care, prepared her own meals daily, cleaned her house twice a week for one hour each time, did laundry twice a month, did dishes after each meal, was able to drive, went grocery shopping weekly for up to an hour and a half at a time, had no problem managing her finances, kept track of her bills in a notebook and paid them when she got money, watched television and once a week took a ride sight-seeing. *See* Tr. 23.

Accordingly, the Court concludes that the ALJ did not err in discrediting Plaintiff's testimony concerning her claimed total incapacity.

**IT IS HEREBY ORDERED:**

1. Plaintiff's Motion for Summary Judgment (ECF No. 14) is **DENIED**.

2. Defendant's Motion for Summary Judgment (ECF No. 18) is **GRANTED**.

The District Court Executive is hereby directed to file this Order, enter **JUDGMENT** for **DEFENDANT**, provide copies to counsel, and **CLOSE** the file.

**DATED** August 7, 2014.



THOMAS O. RICE
United States District Judge